**CRYSTAL CLEAR INDUSTRIES,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–**
**Appellee.**

No. 94–1245.

United States Court of Appeals,
Federal Circuit.

Jan. 9, 1995.

Steven P. Florsheim, Grunfeld, Desiderio, Lebowitz & Silverman, New York City, argued for plaintiff-appellant.

John J. Mahon, Asst. Branch Director, Commercial Litigation Branch, Department of Justice, New York City, argued for defendant-appellee. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office. Also on the brief was Mark D. Nackman, Office of the Asst. Chief Counsel, U.S. Customs Service, of counsel.

Before ARCHER, Chief Judge, MAYER and PLAGER, Circuit Judges.

PER CURIAM.

■ Crystal Clear Industries ("Crystal Clear") appeals the January 28, 1994, judgment of the Court of International Trade, *Crystal Clear Indus. v. United States*, 843 F.Supp. 721 (Ct. Int'l Trade 1994), which upheld the Customs Service's classification of certain glassware gift boxes along with the glassware they contained. The Customs Service classified the boxes under item 546.60 of the Tariff Schedules of the United States ("TSUS"), or subheadings 7013.21.10, 7013.29.20, 7013.39.20, and 9405.50.40 of the Harmonized Tariff Schedules of the United States ("HTSUS"), and not as "[b]oxes of paper, of paperboard, of papier-mache, or of any combination thereof" under TSUS item 256.54, or as "[c]artons, boxes and cases, of corrugated paper or paperboard" under HTSUS subheading 4819.10.00. Duties were assessed on the glassware classified under HTSUS subheading 9405.50.40 at the column 2 rate of 45% *ad valorem;* duties were assessed on the remaining glassware at the column 2 rate of 60% *ad valorem.*

The items, imported during the years 1988 through 1990, are decorated cardboard boxes made in column 1 (most-favored) nations, which are imported containing glassware made in Eastern European column 2 nations.

Crystal Clear argues that the Court of International Trade erred in finding that the boxes were the "usual" and "normal" packing for glassware under TSUS General Headnote 6(b) or under HTSUS General Rule of Interpretation 5(b). Second, Crystal Clear argues that, under TSUS General Headnote 6(b), those boxes that were not necessary to make the items seaworthy (i.e., those that were double-boxed) are not dutiable with the glassware. Third, for those items imported after the effective date of the HTSUS, Crystal Clear argues that the language of HTSUS General Rule of Interpretation 5(b) requires only that the boxes be classified with the glassware, not that they be dutiable at the same rate as the glassware. Crystal Clear argues in the alternative that the boxes are not dutiable at the column 2 rate because they never entered the commerce of the column 2 countries. The government argues that the court correctly held that the cost of the boxes was part of the appraised value of the glassware and that the boxes were dutiable at the column 2 rate applicable to the glassware.

TSUS General Headnote 6(b) states that "[c]ontainers or holders if imported containing or holding articles are subject to tariff treatment as follows: (i) ... containers of usual types ordinarily sold at retail with their contents, are not subject to treatment as imported articles. Their cost, however, is, under section 402 of the tariff act, a part of the value of their contents and if their contents are subject to an *ad valorem* rate of duty such container or holders are, in effect, dutiable at the same rate as their contents...." Section 402 of the tariff act provides that "packing costs," or "the cost of all containers and coverings of whatever nature and of packing, whether for labor or materials, used in placing merchandise in condition, packed ready for shipment to the United States," are included in the dutiable value of the merchandise contained in the packing. 19 U.S.C. § 1401a(b)(1)(A), (h)(3) (1988).

HTSUS General Rule of Interpretation 5(b) states that "packing materials and packing containers entered with the goods therein shall be classified with the goods if they are of a kind normally used for packing such goods."

 We affirm the judgment of the Court of International Trade, for the reasons stated in its opinion.*

*AFFIRMED.*

---

\* Our agreement with the opinion of the CIT does not extend to the suggestion that a routine classification dispute is entitled to special deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).